## Case No. 11,630a.

### REDING v. TEXAS & P. R. CO.

#### [10 Rep. 136.] [1]

Circuit Court, E. D. Pennsylvania.    April 12, 1880.

REMOVAL OF CAUSES—AFFIDAVIT—SURPLUSAGE—
INCOMPLETE PLEADINGS—ORDER TO REMAND.

1. Where a cause has not been brought to issue in a state court an affidavit that it involves a defence arising under or by virtue of the constitution or a treaty or law of the United States is sufficient to authorize the removal of the case to the circuit court, and if the affidavit goes farther and specifies as a defence one which will not give jurisdiction to the circuit court, the portion so specifying will be regarded as surplusage.

2. Semble, that the circuit court will not make an order remanding a case for apparent want of jurisdiction until the pleadings are complete.

Motion to remand case to state court.

This action had been begun in the common pleas of Philadelphia. A declaration was filed which was demurred to. Pending the demurrer the defendant removed the case to the circuit court, the affidavit for removal setting up that it had a defence arising under the constitution and laws of the United States, to wit, that the defendant was a corporation organized under an act of congress.

W. H. Smith, for motion.

If the affidavit had stopped with the allegation of a defence arising under the laws of the United States, it would have been sufficient, but by going on it revealed the fact that the alleged defence was not one which was sufficient to give jurisdiction to this court. See Dill. Rem. Causes, 9. As, therefore, the act of 1875 [18 Stat. 470] makes it the duty of the circuit court to remand a case, whenever it appears that the court has not jurisdiction, this case should be remanded.

George Biddle, contra, was not called.

McKENNAN, Circuit Judge. You had better wait until the pleadings are completed, so that what the defence really is can be seen, and whether there is in fact a defence arising under an act of congress; for the present purpose it is clearly sufficient that the affidavit should simply state that there is such a defence in the words of the act. The rest may be rejected as surplusage. Motion denied.